■ MARY J. D. SQUIRES, Appellant, v LEONARD J. SQUIRES, Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with same Memorandum as in *Squires v Squires* ([appeal No. 2] 177 AD2d 968 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Cancellation of Notice of Pendency.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.

■ MARY J. D. SQUIRES, Appellant, v LEONARD J. SQUIRES, Respondent. (Appeal No. 2.)—Order insofar as appealed from unanimously reversed on the law without costs and cross motion granted. Memorandum: The separation agreement

executed September 24, 1990 is valid and enforceable and supersedes the antenuptial agreement executed June 25, 1990. There is no evidence that defendant signed the separation agreement under fraud or duress. Supreme Court, therefore, should have canceled the notice of pendency unconditionally since defendant's sole basis for filing it was the antenuptial agreement. Accordingly, plaintiff's cross motion for summary judgment is granted, the separation agreement is declared valid and the portion of the order in the first appeal requiring plaintiff to post an undertaking in the sum of $200,000 as a condition to the granting of plaintiff's motion to cancel the notice of pendency is vacated. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.